UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR REMAND (DKT. 10)

## I. Introduction

On November 21, 2018, Maria Marroquin ("Plaintiff") brought this action against Target Corporation ("Target") and 100 Doe Defendants in the Los Angeles Superior Court. Complaint, Dkt. 1-1.[1] Target filed an answer in the Los Angeles Superior Court on January 15, 2019. Answer, Dkt. 1-2. On January 16, 2019, Target removed this action on the basis of diversity of citizenship. Notice of Removal, Dkt. 1.[2]

On February 5, 2019, Plaintiff filed a document titled "First Amended Complaint," which, *inter alia*, added Omar Saavadra ("Saavadra"), who is a California citizen, as a new defendant. Proposed First Amended Complaint ("PFAC"), Dkt. 8. As discussed below, because Saavadra, like Plaintiff, is a California citizen, Plaintiff must obtain court approval to join him as a defendant. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Accordingly, the February 5, 2019 filing (Dkt. 8) is construed as a Motion for Leave to Amend which, if granted, would permit Plaintiff to file the PFAC.

On February 14, 2019, Plaintiff filed a motion to remand the action to the Los Angeles Superior Court ("Motion to Remand"). Dkt. 10, 15. The premise of the Motion to Remand is that, if the Motion for Leave to Amend is granted in its entirety, there would no longer be complete diversity among the parties because both Plaintiff and Saavadra are citizens of California. Target filed an opposition (Dkt. 21),[3] and

---

[1] Because Local Rule 19-1 permits no more than ten fictitious parties, Does 11-100 have been dismissed. Dkt. 22.
[2] The Notice of Removal adequately demonstrates that there was subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) at the time of removal. It states that Target is a citizen of Minnesota and Plaintiff is a citizen of California. Notice of Removal, Dkt. 1 ¶¶ 3, 7. As to the amount in controversy, the Notice of Removal includes as an attachment a demand letter from Plaintiff's counsel alleging $300,000 in damages. Exhibit C to Notice of Removal, Dkt. 1 at 16-18.
[3] Target's request to file an untimely opposition (Dkt. 20) is **GRANTED**. Target's failure to file a timely opposition did not result in prejudice to Plaintiff, because her counsel were allowed two weeks to file a reply to the untimely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

Plaintiff replied. Dkt. 26.

It was determined that the matter was appropriate for decision without oral argument under the standards of Local Rule 7-15 and Fed. R. Civ. P. 78(b). *See* Dkt. 28. For the reasons stated in this Order, the Motion for Leave to Amend is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** as to the amendments other than adding Saavadra as a defendant, and otherwise **DENIED**. The Motion to Remand is **DENIED**.

**II.     Factual and Procedural Background**

   **A.     The Parties**

As noted, Plaintiff is a California citizen and Target is a Minnesota citizen. Notice of Removal, Dkt. 1 ¶¶ 3, 7. Target is incorporated in Minnesota and has its principal place of business there. *See* Exhibit D to Notice of Removal, Dkt. 1 at 19-23.[4] Saavadra, a California citizen, is alleged to be an individual who is, and at all relevant times was, a store supervisor employed at the North Hollywood Target store where the incident at issue in this action occurred. PFAC, Dkt. 8 ¶ 3.

   **B.     Allegations in the Complaint**

As noted, the Complaint was filed on November 21, 2018. It alleges that an incident occurred on November 25, 2016, while Plaintiff was shopping at a Target store in North Hollywood. Complaint, Dkt. 1-1 at 5-6. It is alleged that an unidentified Target employee "was pushing a metal flat cart over stacked with dog food" and collided with Plaintiff. *Id.* It is alleged that Plaintiff sustained "serious bodily injuries" as a result of the collision. *Id.*[5] Based on these allegations, the Complaint advances two causes of action against Target: (i) general negligence; and (ii) premises liability. *Id.* at 4-6.

   **C.     Removal, PFAC, and Motion to Remand**

Target filed its answer to the Complaint in the Los Angeles Superior Court on January 15, 2019. Dkt. 1-2. The next day, it removed this action on the basis of diversity of citizenship. Notice of Removal, Dkt. 1.

On February 5, 2019 (21 days after Target had filed its answer), Plaintiff filed the PFAC. It alleges that Saavadra has been, at all relevant times, a "store supervisor" employed at the North Hollywood Target store. PFAC, Dkt. 8 ¶ 3. It includes a description of the November 25, 2016 incident similar to that provided in the Complaint. *See, e.g.*, *id.* ¶ 13. The PFAC adds that Saavadra "negligently, carelessly,

---

opposition. In the future, all counsel shall adhere to Court orders, including the Standing Order. A failure to do so may result in the imposition of sanctions.

[4] The PFAC alleges that Target "is a California corporation." PFAC, Dkt. 8 ¶ 8. However, Plaintiff has produced no evidence that Target is a citizen of California. Moreover, in Plaintiff's briefing of the Motion to Remand, she agrees that "Target Corporation is a Minnesota [c]orporation." Motion to Remand, Dkt. 15 at 4.

[5] A demand letter sent by Plaintiff to Target states that Plaintiff was a part-time employee at this Target location at the time, and that the purpose of her trip was to pick up her paycheck and to shop at the store. Dkt. 1 at 17-18. It states that she had already obtained her check and been shopping for approximately 20 minutes at the time of the collision with the metal cart. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
| Title | Maria Marroquin v. Target Corporation | | |

[and] recklessly failed to provide adequate training" to the employees in the Target store and failed "to take reasonable steps to maintain, prevent, warn or to correct a dangerous condition on the premises." *Id.* ¶ 19. Although the PFAC is not detailed as to Saavadra's role at the North Hollywood store, it states that he "supervised and trained the unknown employee" who had pushed the cart that collided into Plaintiff and that Saavadra "knew or should have known the unknown employee was unfit or incompetent." *Id.* ¶ 25. Based on these allegations, the PFAC advances three causes of action: (i) premises liability (against Target only); (ii) negligence (against both Target and Saavadra); and (iii) negligent hiring, supervision, retention, or training of employee (against both Target and Saavadra). *Id.* ¶¶ 12-29.

On February 14, 2019, Plaintiff filed the Motion to Remand. Dkts. 10, 15. In support of it she submitted the declaration of her counsel, Ani Shagvaladyan ("Shagvaladyan Decl."). Dkt. 16. He declares that the employee who pushed the cart that collided with Plaintiff has not yet been identified. *Id.* ¶ 4. He refers to Saavadra as "Target's supervising employee." *Id.* ¶ 14. The declaration does not provide any details regarding any investigation of the incident by Plaintiff's counsel, or someone he engaged, after the filing of the Complaint but before the filing of the PFAC.

**III.     Analysis**

    A.     Motion for Leave to Amend

        1.     Legal Standards

            a)     Fed. R. Civ. P. 20(a): Joinder of Parties

When a common question of law or fact is presented, defendants may be joined in a single action where a plaintiff asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Permissive joinder under Rule 20(a) "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

            b)     Fed. R. Civ. P. 15(a)(1): Amendment of Complaint as of Right

Fed. R. Civ. P. 15(a)(1) provides that a party may amend a pleading once as a matter of course within 21 days of its service, or if the pleading is one for which a responsive pleading is required, 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12. In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When the court's leave is required, it should be "freely give[n] when justice so requires." *Id.*; *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | | Date | May 7, 2019 |
|---|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | | |

   c)  28 U.S.C. § 1447(e): Joinder of a Defendant Whose Presence Would Eliminate Existing Diversity Jurisdiction

"In addition to the Rule 20(a) requirements, a party's request to amend the pleadings in a way that would destroy diversity is governed by 28 U.S.C. § 1447(e)." *Francis v. EBI Med. Sys., Inc.*, No. CV 10-856-GHK, 2010 WL 4680290, at *1 (C.D. Cal. Nov. 10, 2010). If after an action is removed, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 n.2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."). Accordingly, "[o]nce removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Id.*

Section 1447(e) "does not state the factors to be considered when making a determination of whether joinder should be permitted or denied." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). However, the following (the "*Murphy* Factors") are often considered in evaluating post-removal requests to join non-diverse defendants:

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a);
2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
3. Whether there has been unexplained delay in seeking the joinder;
4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;
5. Whether the claim against the new party seems valid;
6. The possible prejudice that may result to any of the parties in the litigation;
7. The closeness of the relationship between the new and the old parties;
8. The effect of an amendment on the court's jurisdiction; and
9. The new party's notice of the pending action.

*Id.* (citing *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011); *Oum v. Rite Aid Corp.*, No. CV08-7741-GHK, 2009 WL 151510, at *1 (C.D. Cal. Jan. 20, 2009)). "Further, under § 1447(e), a court has discretion to deny joinder of a party 'whose identity was ascertainable and thus could have been named in the first complaint.'" *Id.* at 1282 (quoting *Boon*, 229 F. Supp. 2d at 1023). "Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e)." *Edmond v. Kindred Healthcare Operating Inc.*, No. CV 16-6734-PSG, 2016 WL 7176566, at *3 (C.D. Cal. Dec. 8, 2016).

  2.  Application

   a)  The Requirements of Fed. R. Civ. P. 20(a) Have Been Satisfied

The PFAC alleges that Saavadra was the Target employee who supervised the Target employee whose action allegedly harmed the Plaintiff. Plaintiff named Saavadra under the causes of action for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

negligence and negligent training and supervision of an employee. These claims arise out of the same transaction or occurrence that underlies Plaintiff's claims against Target. Therefore, because all of the claims will present common questions of law and fact, the requested joinder of Saavadra satisfies the standards of Fed. R. Civ. P. 20(a).

> b) Whether the Requested Joinder is Governed by the Standards of Fed. R. Civ. P. 15(a)(1) or 28 U.S.C. § 1447(e)

The parties disagree as to the applicable legal standard. Plaintiff contends that she has the right to amend the Complaint, and that the PFAC is a pleading that reflects an exercise of that right. Therefore, Plaintiff argues that the action must be remanded unless Saavadra is a sham defendant. Motion, Dkt. 15 at 3; Reply, Dkt. 26 at 1-2. Target argues that the multifactor analysis of 28 U.S.C. § 1447(e) controls. Opposition, Dkt. 21 at 2-3.[6] As noted, it provides greater discretion to a district court to deny a request to join a non-diverse defendant following removal.

Several district courts in the Ninth Circuit have referred to a split of authority on the question whether an amendment to add a non-diverse defendant is governed by Fed. R. Civ. P. 15(a) or 28 U.S.C. § 1447(e). *See, e.g.*, *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (stating that "[t]here is split in authorities" and collecting cases that similarly refer to a split of authority). The weight of the authority holds that the standards of 28 U.S.C. § 1447(e) apply. *See, e.g.*, *id.* at 607 ("[T]he majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e)." (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); *Raifman v. Wachovia Securities, LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *4 (N.D. Cal. May 8, 2012); *Hardin*, 813 F. Supp. 2d at 1173; *Greer v. Lockheed Martin*, No. CV 10–1704 JF (HRL), 2010 WL 3168408, at *3-4 (N.D. Cal. Aug. 10, 2010); and *Chan v. Bucephalus Alt. Energy Grp., LLC*, No. C 08–04537 JW, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009)); *see also Boon*, 229 F. Supp. 2d at 1022 n.2.

Because the determination that 28 U.S.C § 1447(e) controls is more persuasive, it is adopted. *First*, it is the majority view among district courts within the Ninth Circuit. It is also supported by two leading federal civil procedure treatises. *See* 16 *Moore's Federal Practice: Civil* § 107.151 (2019) ("Most courts to have addressed the issue hold that the court has discretion to deny joinder of a nondiverse defendant under Section 1447(e) even when the plaintiff would otherwise have a right to amend as a matter of course under Rule 15(a)(1). . . . The majority approach is preferable because the purpose of § 1447(e) is to resolve the essential issue of whether a removed case should remain in federal court or be remanded because of the addition of a non-diverse party."); 14C Wright & Miller, *Federal Practice & Procedure* § 3739.1 (rev. 4th ed.) ("Discretion exists [to deny or permit joinder under 28 U.S.C. § 1447(e)] even when the amendment of the complaint ordinarily would be 'as a matter of course' under Federal Civil Rule 15(a)(1).").

*Second*, "if this were not the rule, plaintiffs could routinely destroy diversity jurisdiction shortly after

---

[6] Plaintiff has not presented through either the Motion or her Reply any argument about the application of the standards of 28 U.S.C. § 1447(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

removal by adding a non-diverse defendant as of right." 16 *Moore's* § 107.151. *Third*, "while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants." *McGrath*, 298 F.R.D. at 607. *Fourth*, "the Ninth Circuit has recognized that a plaintiff's motives are relevant to the question of whether district courts should allow amendment to a complaint to add a party even under the liberal amendment policy set forth in Rules 15 and 20." *Id.* (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980)). Thus, it is appropriate to address the question whether those motives included to deprive the court of federal jurisdiction, which is a key factor under 28 U.S.C. § 1447(e).

*Finally*, the district courts within the Ninth Circuit that have reached a different determination do not present reasoned analyses of the view adopted by this Order. *See, e.g.*, *Matthews Metals Prods., Inc. v. RBM Precision Metal Prods. Inc.*, 186 F.R.D. 581, 583 (1999) (permitting joinder of non-diverse defendant under standard of Fed. R. Civ. P. 15(a) without addressing 28 U.S.C. § 1447(e) or the possibility that its different standards may apply).

For the foregoing reasons, the PFAC is construed as a Motion for Leave to Amend, whose assessment is controlled by the *Murphy* Factors; provided, however, as to the proposed amendments other than the addition of Saavadra as a defendant, Plaintiff was entitled to make the amendments "as a matter of course," Fed. R. Civ. P. 15(a)(1), because they were made within 21 days of service of Target's answer.

      c)    The *Murphy* Factors

A consideration of the *Murphy* Factors demonstrates that the requested joinder should be denied.

      (1)    <u>Whether Saavadra Would Be a Necessary Party Under Fed. R. Civ. P. 19(a)</u>

Fed. R. Civ. P. 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (ii) as a practical matter impair or impede the person's ability to protect the interest; or
>
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19(a) does not require the joinder of a party whose presence would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
| Title | Maria Marroquin v. Target Corporation | | |

"deprive the court of subject-matter jurisdiction." *Id.*

If hypothetically it were possible to join Saavadra without defeating federal jurisdiction, he still would not fall within the definition of a "necessary" party under Rule 19(a). "A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992). Because "an employer that is vicariously liable for an employee's actions is also *fully* liable . . . the joinder of the employee [is] unnecessary for complete relief." *Meggs v. NBCUniversal Media, LLC*, No. 2:17-cv-03769-ODW-RAO, 2017 WL 2974916, at *5 (C.D. Cal. July 12, 2017) (emphasis in original); *see also, e.g., Edmond*, 2016 WL 7176566, at *3 (defendant's employee not "an indispensable party under Rule 19(a) because the Court could likely accord complete relief among the existing parties under the doctrine of *respondeat superior*").

The theory of liability advanced in the Complaint and the PFAC includes vicarious liability. *See* Complaint, Dkt. 1-1 at 5-6 (source of liability as to Target includes that Plaintiff "was injured by the Defendant's Target employee"); PFAC, Dkt. 8 ¶ 3 (Saavadra "was and is a Target store supervisor employed with Target . . . at the time of the incident giving rise to this complaint."). There are no clear allegations as to why Saavadra would be liable unless Target also is liable as his employer. Accordingly, complete relief can be obtained by Plaintiff without joining Saavadra as a party.

Because Saavadra would not be a necessary party under Rule 19(a), this factor weighs against granting the requested joinder.

      (2)  <u>Whether the Statute of Limitations Would Prevent the Filing of a New Action if Joinder is Declined</u>

Target argues that the PFAC is "improper" because Plaintiff cannot show that the amended complaint would relate back to the filing of the Complaint. Opposition, Dkt. 21 at 5-8. Target states that this is material because, if it does not relate back, the claims advanced in the FAC would be time-barred under the two-year statute of limitations for personal injuries. *Id.* at 6 (citing Cal. Code Civ. Proc. § 335.1). Plaintiff responds that the amended complaint would relate back because she "genuinely did not know the full name of" Saavadra at the time of the filing of the Complaint but learned it after her attorneys "conducted further investigation." Reply, Dkt. 26 at 2-3.

Where the relevant limitations period arises under state law, district courts are to examine both federal and state law and then apply the more permissive relation-back standard. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200-01 (9th Cir. 2014) (courts should "defer[] to the more permissive law, state or federal, which allows an amendment to relate back.").

Whether an amended claim relates back to the original complaint under federal law is addressed by Fed. R. Civ. P. 15(c). Rule 15(c) permits relation back if the amended complaint advances a claim arising out of the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When the proposed amendment seeks to change a party or a party's name, relation back is permitted if, in addition to this requirement, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

California law permits the substitution of a Doe defendant with an actual one "so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed." *Dominguez v. Crown Equip. Corp.*, No. 2:14-cv-07935-SVW-E, 2015 WL 3477079, at *3 (C.D. Cal. June 1, 2015) (citing Cal. Code Civ. Proc. § 474 and also citing *Spitzer v. Aljoe*, No. 13-cv-05442-MEJ, 2015 WL 1843787, at *11 (N.D. Cal. Apr. 6, 2015)). Relation back under Cal. Code Civ. Proc. § 474 only applies where the plaintiff was "'genuinely ignorant' of the defendant's identity" when the original complaint was filed. *Butler*, 766 F.3d at 1202 (quoting *Woo v. Superior Court*, 75 Cal. App. 4th 169, 177 (1999)). However, "if the plaintiff is actually ignorant of the defendant's identity, the [S]ection 474 relation-back doctrine applies even if that ignorance is the result of the plaintiff's negligence." *Woo*, 75 Cal. App. 4th at 177 (citations omitted).

Applying these standards, the proposed amended complaint asserts new claims that would relate back to those advanced in the Complaint. With respect to the substitution of Saavadra as one of the Doe defendants, Plaintiff argues that she "genuinely did not know the full name of" Saavadra at the time of the filing of the Complaint but learned it after her attorneys "conducted further investigation." Reply, Dkt. 26 at 2-3. That contention is sufficient to satisfy the genuine ignorance standard of Cal. Code Civ. Proc. § 474. It is met "even if that ignorance is the result of the plaintiff's negligence." *Woo*, 75 Cal. App. 4th at 177. Target's argument to the contrary relies on Fed. R. Civ. P. 11 and the analogous Cal. Code Civ. Proc. § 128.7(b). This position lacks force. Under the foregoing standards, the Doe amendment would relate back unless Plaintiff knew Saavadra's identity at the time of the filing of the Complaint but omitted it. Target has not shown that this is what occurred. As to whether a more diligent investigation was warranted, that position misapplies the governing legal standards.

With respect to the amendments Plaintiff has proposed other than the substitution of Saavadra as a Doe defendant, the PFAC includes allegations regarding the same occurrence as the Complaint: the incident at the North Hollywood Target store on November 25, 2016. Both the Complaint and the PFAC allege that Target was negligent for its role in that incident. Target contends that the PFAC includes "new facts" regarding failure to supervise and train its employees. Opposition, Dkt. 21 at 7-8. Those allegations, according to Target, "bear no relation to the Complaint," which is solely about vicarious liability "for an isolated incidence of negligence." *Id.* However, the PFAC and the Complaint arise from the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). That the PFAC includes a slightly revised legal theory as to Target and additional contentions as to certain of the prior allegations does not defeat the application of the relation back standards.

For the foregoing reasons, the PFAC, if accepted for filing, asserts revised claims that would relate back to those advanced in the Complaint. Accordingly, this factor weighs in favor of granting the requested joinder. Moreover, even if the requested joinder is denied, the foregoing analysis shows that Plaintiff should be permitted to include the revised allegations in any amended complaint brought against Target in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
| Title | Maria Marroquin v. Target Corporation | | |

       (3)      <u>Whether There Was Unexplained Delay in Seeking the Joinder</u>

In determining whether there was unexplained delay, courts "must consider whether the 'moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *Murphy*, 74 F. Supp. 3d at 1284 (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

As noted, Plaintiff contends that her delay in naming Saavadra was because she "genuinely did not know the full name of" the relevant supervisor. Reply, Dkt. 26 at 2. She acknowledges that she was a part-time employee of this Target location at the time of the incident, but states that Saavadra was not her supervisor and that he worked different hours. *Id.*

Plaintiff's position is unpersuasive. She has not presented any evidence of specific steps that she or her counsel took after this action was commenced in an effort to identify the supervisor of the employee who was pushing the cart. In contrast, Target has declared that the identification of Saavadra was not a result of relevant discovery in this action, as none has been conducted. Declaration of Martin Holly ("Holly Decl."), Dkt. 21 at 9 ¶ 7. In these circumstances, Plaintiff either knew or should have known at the time of the filing of the Complaint those facts about Saavadra that are alleged in the PFAC. Indeed, the allegations of the PFAC are, as to the incident at issue, not meaningfully different from those of the Complaint. The specific fact added -- that Saavadra was and is a supervisor at the location -- was one Plaintiff knew or through the exercise of reasonable diligence, should have known when the Complaint was filed.[7]

For these reasons, this factor weighs against granting the requested joinder.

       (4)      <u>Whether the Joinder is Solely for the Purpose of Defeating Federal Jurisdiction</u>

Target argues that Plaintiff's motive in seeking to join Saavadra after removal should be scrutinized. Thus, Target contends that "Plaintiff cannot explain the near three month delay in seeking this amendment and proposing this joinder, where Plaintiff simply sat on Mr. Saavadra's identity and chose to do nothing." Opposition, Dkt. 21 at 4. Target further emphasizes that the "only significant event in the interlude is Target's removal of the matter." *Id.*

Saavadra's joinder would defeat federal jurisdiction. Indeed, that is the premise of Plaintiff's Motion to Remand. Given these considerations, Plaintiff's requested joinder "raise[s] concerns as to whether the claims are valid, or instead asserted for the purpose of defeating diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1286.

---

[7] This analysis differs from the earlier assessment of relation back because the question is whether Plaintiff knew or should have known earlier about the facts that have been added to the amended complaint. Here, although Plaintiff may not have known Saavadra's identity at the time of filing the Complaint, she has not shown that she learned new facts since then about the supervisor who was involved and whose involvement is described in the PFAC but not the Complaint. Therefore, the unexplained delay here is in part Plaintiff's failure to name Saavadra in the Complaint and in part her failure to identify in detail the factual allegations regarding the supervisor, whatever his identity, that were added to the PFAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
| Title | Maria Marroquin v. Target Corporation | | |

For these reasons, this factor weighs against granting the requested joinder.

(5)     Whether the Claims Against Saavadra Appear Valid

As noted, Plaintiff proposes to advance two causes of action against Saavadra: negligence and negligent hiring, supervision, retention, or training of an employee.

(a)     Negligent hiring, supervision, retention, or training

"Absent . . . a special relationship [between the plaintiff and the defendant], there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee . . . ." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 877 (2012). *see also Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009) ("An *employer* may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." (emphasis added) (quoting *Roman Catholic Bishop v. Superior Court*, 42 Cal. App. 4th 1556, 1564-65 (1996)).

Plaintiff contends valid claims have been alleged against Saavadra because he "had a duty to take reasonable steps to maintain, prevent or warn to correct a dangerous condition on the premises." Motion, Dkt. 15 at 4. However, Plaintiff has neither addressed the applicable legal authority nor presented any allegations that would suggest she can distinguish it. The allegations as to Saavadra are that he was responsible for the negligent hiring, retention or supervision of a fellow employee. There is no suggestion that Plaintiff and Saavadra had the type of special relationship for which liability could attach in these circumstances. *Cf. de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 249-50 (2007) (no claim against individuals for failure to investigate colleague before hiring her). Accordingly, Plaintiff has failed to show that it is likely she could assert a valid negligent hiring, training, and retention claim against Saavadra.

(b)     Negligence

Under California law, negligence "consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 753-54 (2007). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003); *see Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).

The negligence claim advanced in the PFAC against Saavadra is, in effect, identical to the claim for negligent hiring, supervision, retention, or training. *Compare* PFAC, Dkt. 8 ¶ 25 (negligent hiring, supervision, retention, or training claim based on Saavadra's negligent "supervis[ion] and train[ing] [of] the unknown employee" who was pushing the cart that collided with Plaintiff), *with id.* ¶ 19 (negligence claim based on Saavadra's "fail[ure] to provide adequate training . . . and to take reasonable steps to maintain, prevent, warn or to correct a dangerous condition"). Plaintiff has not identified any duty that Saavadra breached that is independent of his alleged failure to provide adequate supervision or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | | Date | May 7, 2019 |
|---|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | | |

training.[8] Therefore, the negligence claim is deficient for the same reasons identified as to the deficiency in the claim for negligent hiring, supervision, retention, or training.

\*        \*        \*

For the foregoing reasons, this factor weighs against granting the requested joinder.

(6)     Possible Prejudice to Any Party

Neither party has identified any new prejudice that would result if its position is not adopted. Accordingly, this factor is neutral.

(7)     Relationship Between the New and Old Parties

Because it is alleged that Saavadra was, and remains, employed by Defendant Target and acted within the scope of his employment with respect to the alleged incident, there is a closeness in the relationship between Saavadra and Target for purposes of the present analysis. *See Oum*, 2009 WL 151510, at \* 2 ("[T]here is a closeness in relationship between [Defendant] Rite Aid and Nguyen [, the party sought to be joined,] because Nguyen is a supervisor at Rite Aid."). For these reasons, this factor weighs in favor of granting the requested joinder.

(8)     Effect of Amendment on Jurisdiction

If the requested joinder is granted, there would no longer be complete diversity among the parties or a basis for continued federal jurisdiction. Therefore, this factor weighs against granting the requested joinder.

(9)     New Party's Notice of Pending Action

No evidence has been presented as to whether Saavadra is aware of the pending action. Accordingly, this factor is neutral.

\*        \*        \*

With respect to the proposed amendments other than the joinder of Saavadra, Plaintiff was entitled to amend the Complaint "as a matter of course," Fed. R. Civ. P. 15(a)(1), and the proposed amendments

---

[8] "Duty is a question of law for the court." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1142 (2016) (internal citation and quotation marks omitted). "The general rule in California is that '[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . .'" *Cabral v. Ralphs Grocery Co.*, 51 Cal. 4th 764, 771 (2011) (alterations in original) (quoting Cal. Civ. Code § 1714(a)). However, "[c]ourts invoke the concept of duty to limit generally the otherwise potentially infinite liability which would follow from every negligent act." *Kesner*, 1 Cal. 5th at 1143 (citations, internal quotation marks, and alterations omitted). Here, the rule that a special relationship is necessary for there to be liability to a third party on the basis of the acts of a co-employee provides one such limitation on the scope of the duty owed by a would-be negligence defendant. *See C.A.*, 53 Cal. 4th at 877-78 (citing *Rowland v. Christian*, 69 Cal. 2d 108 (1968), and cases applying it to identify the scope of duty under California negligence law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00341 JAK (SSx) | Date | May 7, 2019 |
|---|---|---|---|
| Title | Maria Marroquin v. Target Corporation | | |

relate back to the claims advanced in the Complaint. Therefore, the Motion for Leave to Amend is **GRANTED** as to the request to make these amendments.

With respect to the requested joinder of Saavadra, a balancing of the *Murphy* Factors weighs against granting it. Plaintiff has not provided a persuasive justification for her failure to add Saavadra as a party prior to removal. This presents significant issues as to whether the requested joinder was made to defeat federal jurisdiction and require remand. Further, although Plaintiff's claims against Saavadra would relate back to and be efficiently consolidated with those advanced against Target, she can obtain complete relief by proceeding only against Target. There are also issues as to the merits of the claims against Saavadra. The Motion for Leave to Amend is therefore **DENIED** as to the request to join Saavadra as a defendant.

      B.      Motion to Remand

The premise of the Motion to Remand is that, because Saavadra has been joined as a defendant, there is not diversity of citizenship. In light of the denial of the requested joinder, there is still complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional minimum. Accordingly, the Motion to Remand is **DENIED**.

**IV.**     **Conclusion**

For the reasons stated in this Order, the February 5, 2019 filing titled the "First Amended Complaint" (Dkt. 8) is construed as a Motion for Leave to Amend, which is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** as to the amendments other than adding Saavadra as a defendant, and otherwise **DENIED**. The Motion to Remand is **DENIED**.

Plaintiff may file as the First Amended Complaint the PFAC, edited only to remove references to Saavadra as a defendant, provided that she shall file it within 14 days of the issuance of this Order. Any further amendments would require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Accordingly, should Plaintiff contend that any further amendments are warranted, the parties shall meet and confer and file a stipulation if they agree as to any amendments. If no agreement is reached, Plaintiff shall file as the First Amended Complaint the PFAC modified as just described. Any proposal for further modifications shall then be presented through a motion for leave to amend, with any proposed Second Amended Complaint attached.

**IT IS SO ORDERED.**

          :

Initials of Preparer    ak